DITTO ET AL., APPELLANTS, v. JACKSON, APPELLEE.

1. MECHANICS' LIEN.

It seems that since the right to a lien is dependent upon a contract, a subcontractor can acquire no other or greater rights than flow to him therefrom, and that it must be adjudged that his rights are to be taken as limited and controlled by the terms of the agreement between the original parties.

2. PLEADING.

The complaint of a subcontractor to foreclose a mechanic's lien which fails to state that, at the time the plaintiff furnished the materials, no payments had been made by the owner to the contractor, but which contains averments implying that the owner is indebted to the contractor, is not subject to demurrer for a failure to state facts sufficient to constitute a cause of action.

*Appeal from the District Court of San Miguel County.*

Mr. W. H. GABBERT, for appellants.

Messrs. HOGG & FITZGARRALD, for appellee.

BISSELL, P. J., delivered the opinion of the court.

This judgment must be affirmed. It will be affirmed upon a much narrower basis than that outlined by the arguments of respective counsel. It is one of those controversies which are constantly springing from the attempted enlargement by the legislature of the preferential rights which the lien statutes give to contractors, and men who furnish material for the erection of buildings.

In May, 1891, Ditto, one of the appellants, was the owner of certain premises in the town of Telluride, San Miguel county, and then entered into a contract with Frank Shewmaker to erect a building on the lot for an agreed sum of $300. In the farther statement of his cause of action the plaintiff, Jackson, alleged that Shewmaker commenced the work, finished the building according to the contract, and

prior to the first day of June completed the work, and in all respects fully complied with his contract. There are further allegations in regard to the lumber furnished by Jackson, under a contract with Shewmaker, and the filing of a lien under the statute. It is apparently conceded by the appellants that the complaint is a sufficient statement of the cause of action, save in one particular—to wit:—that the pleader failed to state directly that no payments had been made by Ditto to the contractor, Shewmaker, prior to the time that Jackson, the appellee, furnished the materials for which he seeks to recover in this action. The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action, and from the judgment overruling the demurrer, the owner of the premises appeals.

The lien law of 1883 was radically amended by the act of 1889, Session Laws of 1889, page 247. Section seven of the act substantially provided that the lien of the subcontractor should extend to the full amount to be paid the contractor by the owner of the property, and in express terms enacted that "any payments made by the owner to the contractor either before or after making such contract * * * shall be at the risk of the owner." The arguments of counsel have been addressed to the construction of this statute. It is a matter of great gravity and serious importance, and one which must ultimately be decided whenever a case is brought here which discloses in the record enough to justify its determination. The extent to which a legislature may go in determining what contracts parties may make concerning a given subject-matter, or the power which the law makers possess to impose limitations upon the rights of parties to enter into an engagement with which at the time third persons have no concern, and whose subsequent rights are derivative and rest upon sufficient proof of the agreement between the original parties, is one to which the courts of the different states have at various times given great consideration, and reached conclusions not entirely harmonious. This identical question was once before pressed upon the attention of this court, and

while it was left undecided this court said in reference to it, "it has been very ably and earnestly contended that since, under the statute of Colorado, the right to a lien is dependent upon the existence of a contract, the subcontractor can rightfully be held to be subject to its provisions, and that he can acquire no other or greater rights than flow to him therefrom; and that, regardless of the statute, it must be adjudged that his rights are to be taken as limited and controlled by the terms of the agreement between the original parties. There is great force in these suggestions." *Davis v. John Mouat Lumber Co.*, 2 Colo. Ct. App. 381.

This intimation of the court's opinion respecting this matter, was based upon an elaborate and well considered case in Philadelphia, *Schroeder v. Galland et al.*, 134 Pa. St. 277, which held that since the subcontractor's right was entirely derivative, he was bound by the express limitations of the written contract between the original parties, under and by virtue of which, his own agreement was to be performed, and from and through which his rights were solely and clearly derived. It is thus plain to see, that under some circumstances it might be true that the subcontractor would be without the right to enforce a lien, or to contend that under and by virtue of the statute, he could recover the amount of the original contract price, notwithstanding the terms of the agreement between the contractor and the owner. Since this might be true, it cannot be said that the complaint is open to a demurrer, on the basis that it has failed to state facts sufficient to constitute a cause of action. It contains enough to warrant all the proof essential to a recovery on the part of the plaintiff, and contains by sufficient inference, if not by direct statement, the averment that the owner of the property was indebted to the contractor. The pleader states the terms of the original contract, and avers full compliance by the contractor, whereby as a matter of law, the sum which the owner agreed to pay for the building became due from him to the contractor, and the right to a lien would necessarily inure to the material man who furnished the

lumber, unless defeated by circumstances which are neither pleaded nor proven.  Whether the complaint would have been open to a motion in respect to this allegation, or whether a special demurrer because of this particular defect would have been available, need not be determined.  It is enough to say that in its allegations, the complaint did state a cause of action, which might have been fully proved thereunder, and was not vulnerable to a general attack for a failure to state facts sufficient to entitle the complainant on proof to a judgment.

The court committed no error in overruling the demurrer, and when the defendants declined to answer, or in any other manner assail the pleading, the court rightly entered judgment thereon.

*Affirmed.*